CLD-063                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2533
_____

MICHAEL RINALDI,

Appellant

v.

WARDEN LACKAWANNA COUNTY PRISON;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-01363)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2022

Before:  AMBRO, SHWARTZ and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  January 28, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Michael Rinaldi appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1999, a jury in the Middle District of Pennsylvania found Rinaldi guilty of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine, see 21 U.S.C. § 846; distribution and possession with intent to distribute cocaine, see 21 U.S.C. § 841(a)(1); knowingly using and carrying firearms during and in relation to drug trafficking crimes, see 18 U.S.C. § 924(c); and possession of firearms by a convicted felon, see 18 U.S.C. § 922(g)(1). He was sentenced to 248 months of imprisonment; 60 months of that term was attributable to a mandatory sentence for the § 924(c) offense. We affirmed, see United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000) (table), and Rinaldi's subsequent attacks on his conviction and sentence have been unsuccessful.

In August 2021, Rinaldi filed a petition under 28 U.S.C. § 2241, arguing that his conviction and sentence under § 924(c) were invalidated by this Court's conclusion in United States v. Nasir that inchoate offenses, such as attempt and conspiracy, are not included in the definition of "controlled substance offenses" under section 4B1.2(b) of the Sentencing Guidelines. 982 F.3d 144, 160 (3d Cir. 2020) (en banc), vacated and remanded on other grounds, 142 S. Ct. 56, (2021), aff'd on remand, 17 F.4th 459, 467-72

(3d Cir. 2021) (en banc). The District Court sua sponte dismissed the petition for lack of jurisdiction. Rinaldi appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Generally, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019).

The District Court properly dismissed Rinaldi's § 2241 petition. Section 924(c) provides for a consecutive term of imprisonment for using and carrying a firearm in relation to "any … drug trafficking crime … for which the person may be prosecuted in a

3

court of the United States." 18 U.S.C. § 924(c)(1)(A). Relying on <u>Nasir</u>'s conclusion that the definition of "controlled substance offenses" under U.S.S.G. § 4B1.2(b) does not include inchoate offenses, Rinaldi argues that such offenses are likewise excluded from the definition of "drug trafficking crime" in § 924(c). But Rinaldi's crimes were not all inchoate. He was convicted of distribution and possession with intent to distribute cocaine under § 841(a)(1). That offense "is a qualifying drug-trafficking offense under § 924(c)." <u>United States v. Heyward</u>, 3 F.4th 75, 82 (2d Cir. 2021). Therefore, because the acts underlying Rinaldi's § 924(c) conviction have not been decriminalized, he cannot resort to § 2241. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

For the foregoing reasons, the District Court correctly rejected Rinaldi's § 2241 petition. Accordingly, because no "substantial question" is presented as to the petition's dismissal, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.